UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK OWEN LAUN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ORANGE COUNTY SHERIFF, et al.,<br><br>　　　　Respondents. | Case No. 8:18-cv-02226-JVS-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNEXHAUSTED |

## I.

## BACKGROUND

**A.　Nature of Convictions and Claims Raised in Federal Petition.**

Mark Owen Laun ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) He challenges his convictions for corporal injury on a spouse enhanced with use of a deadly or dangerous weapon, as well as assault with a deadly weapon. (Pet. at 1 ¶ 5.) He brings the following claims:

Ground One: New evidence shows that he is innocent because (a) the victim told a third party that she had inflicted the injuries on herself in an attempt to gain

permanent residency status under the Violence Against Women Act, and (b) an expert witness could identify the injuries as self-inflicted. (Dkt. 2 ["Memo"] at 5-8.)

Ground Two: The prosecutor committed misconduct by (a) stating facts not in evidence during closing argument, and (b) telling the Irvine Police Department to stop investigating Petitioner's case. (Memo at 8-11.)

Ground Three: Petitioner's trial counsel was ineffective for (a) failing to introduce evidence of the victim's motive to lie (i.e., the immigration concerns), (b) failing to investigate whether fingerprint evidence on the recovered weapon would have exonerated Petitioner, and (c) failing to adequately attack the credibility of the victim. (Memo at 12-26.)

Ground Four: Petitioner's due process rights were violated because the "verdict was decided by a means other than a fair expression of opinion on the part of all the jurors" under California Penal Code section 1181, subd. 4, because (a) one juror fell asleep during the trial, (b) the jury initially indicated it could not reach a verdict during deliberations, and (c) the jurors were not polled. (Memo at 27-28.)

**B.     Proceedings in State Court.**

In January 2018, Petitioner was sentenced to three years of probation and given a five-year suspended sentence. (Pet. at 1 ¶ 2.) He filed a counseled direct appeal in the California Court of Appeal, case no. G055893. (Id. at 2 ¶ 9.) That appeal remains ongoing. See California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/.[1] According to Petitioner, he is arguing that the "trial court's instruction presented a legally invalid theory to the jury." (Pet. at 2 ¶ 9(a).)

In December 2018, Petitioner filed a pro se habeas petition in the California

---

[1] The Court takes judicial notice of the state court records. See Fed. R. Evid. 201(b)(2); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

2

Court of Appeal, case no. G057123. According to Petitioner, that petition raises the same grounds as the federal Petition in this Court. (Pet. at 2-3 ¶ 9(g).) He explains that he filed the petition because his counsel told him that the grounds raised therein could not be raised on direct appeal. That state habeas case also remains ongoing. (Pet. at ¶ 9(g).) See California Appellate Courts Case Information, http://appellate cases.courtinfo.ca.gov/. Petitioner has not filed any cases in the California Supreme Court. Id.

## II.
## LEGAL STANDARD

The United States Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). If all or some of the claims have not been exhausted, then the petition is subject to dismissal. Id. To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). For a petitioner in California, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of

limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d).

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a wholly or partially unexhausted petition to allow a petitioner to exhaust his claims in state court without running afoul of AEDPA's one-year statute limitations period. Id. at 273-75; Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) ("[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines."). A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Rhines, 544 U.S. at 278; see also Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) ("A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines.").

## III.
## DISCUSSION

None of the claims raised in the present Petition have been presented to the California Supreme Court. Petitioner argues, however, that "postponing the [federal] habeas corpus application [until he has exhausted his state court remedies] will in effect deny [him] of his right to it" (Pet. at 5 ¶¶ 11, 12) because his "probation and thus [his] confinement will be concluded before successive appeals could be completed" (Memo at 3).

Petitioner cites California case law authorizing the filing of a habeas petition in *state* court prior to the conclusion of a direct appeal where "the petitioner may serve the entirety of an erroneously imposed prison sentence before the appellate process concludes." In re Rodden, 186 Cal. App. 4th 24, 31 (2010); see also In re Sweet, 113 Cal. App. 2d 413, 414 (1952). These cases are distinguishable because they do not address when it is appropriate to seek habeas relief in *federal* court.

Generally, when direct "appeal of a state criminal conviction is pending, a would-be [federal] habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted" because "that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see also Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) ("Sherwood stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending.").[2] Thus, it is inappropriate for this court to consider the claims raised in the Petition at this time.

The next issue that arises is whether this Court should: (a) dismiss the Petition without prejudice to Petitioner filing a new federal petition after his state court remedies are exhausted,[3] or (b) stay these federal proceedings while Petitioner exhausts. As discussed above, Rhines allows federal courts to stay a wholly unexhausted petition under certain circumstances, so that the habeas petitioner does not run afoul of AEDPA's one-year statute of limitations. In Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), the Supreme Court recognized that a habeas petition may in some circumstances file a "protective" petition in federal court and ask the federal court to stay and abbey the federal habeas proceedings until state remedies are exhausted. However, the petitioner must demonstrate "good cause" for doing so. Id.

---

[2] There is a unique exception for double jeopardy claims, which can be pursued pre-trial. Sherwood, 716 F.2d at 634 n.2. Petitioner is not bringing such a claim.

[3] A dismissal without prejudice on this ground would not make a later federal petition "second or successive" within the meaning of 28 U.S.C. § 2244(b). Slack v. McDaniel, 529 U.S. 473, 487 (2000) ("A petition filed after a mixed petition has been dismissed under Rose v. Lundy before the district court adjudicated any claims is to be treated as "any other first petition" and is not a second or successive petition.").

Petitioner has not explicitly asked to stay these federal proceedings and, at this time, it is not clear to the Court whether he has demonstrated good cause to do so. Compare Aguilar v. Ryan, No. 15-cv-0286, 2016 U.S. Dist. LEXIS 159383, 2016 WL 6804334 (D. Ariz. Nov. 17, 2016) (declining to stay petition because one-year limitations period was tolled by the pending post-conviction proceeding in state court), cert. of appealability denied, No. 16-17229, 2017 WL 6048893 (9th Cir. Apr. 14, 2017) with Garrett v. Larson, No. 13-cv-11339, 2013 U.S. Dist. LEXIS 55373 at *5-6, 2013 WL 1681258, at *2 (E.D. Mich. Apr. 17, 2013) (staying petition under Rhines "while [petitioner] complete[d] his re-sentencing appeal in the state courts" because "[i]n this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations").

It appears to be true that, if Petitioner is released from probation while exhausting his state court remedies, he may be precluded from pursuing federal habeas relief. In Henry v. Lungren, 164 F.3d 1240 (9th Cir. 1999), the Ninth Circuit held that "the filing of [a] second habeas petition, following dismissal without prejudice of the first petition" for failure to exhaust, did not "relate[] back to the date of the first petition." Id. at 1241. The court reasoned that the district court in the first habeas action "did not expressly or impliedly retain jurisdiction over [the petitioner's] original petition when the court dismissed for failure to exhaust," so "there was no pending petition to which [the petitioner's new … petition could relate back or amend." Id. Thus, although the petitioner was in custody when the first petition was filed, his release prior to the filing of the second petition meant that he was no longer in custody for habeas purposes. The Ninth Circuit reasoned, "Although a petitioner's release from custody does not moot a pending habeas petition," the petitioner "was released *before* he filed the petition that is before us," meaning "there is no custody from which he could be released."

Id.; see also Houze v. California, No. 12-cv-0686, 2013 U.S. Dist. LEXIS 18214 at *11-16, 2013 WL 500859 at *4-6 (E.D. Cal. Feb. 11, 2013) (discussing whether to construe a second petition, filed in similar circumstances, as a motion to reopen the prior case under Federal Rule of Civil Procedure 60(b)). On the other hand, the possibility that this will happen is currently theoretical, as Petitioner appears to have another two years of probation to serve. (See Pet. at 1 ¶ 2 [stating Petitioner was sentenced to three years of probation in January 2018].)

      Moreover, there does not appear to be an immediate danger that a subsequent petition would be time-barred. The one-year statute of limitations governing federal habeas petitions has not yet begun to run in Petitioner's case, because his direct appeal is ongoing. See 28 U.S.C. § 2244(d)(1)(A) (the AEDPA statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Gonzalez v. Thaler, 565 U.S. 134, 135 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' … on the date that the time for seeking such review expires."); Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (for a state prisoner who seeks direct review in a state's highest court, the judgment becomes final when time for seeking certiorari review in the United States Supreme Court expires). Additionally, as long as the state courts determine that Petitioner's current habeas petition was "properly filed," the statute of limitations is tolled while that petition is pending. See 28 U.S.C. § 2244(d)(2); Pace, 544 U.S. at 413-14.

//
//
//
//
//
//

# IV.
# CONCLUSION

IT IS HEREBY ORDERED that, **within thirty (30) days of the date of this order**, Petitioner is ordered to show cause why the Petition should not be dismissed without prejudice as unexhausted. In response to this Order to Show Cause, Petitioner should do **one** of the following:

(1) Voluntarily dismiss the Petition without prejudice; or

(2) File a motion to stay this action that explains why he meets the <u>Rhines</u> standard discussed above.

DATED: <u>January 02, 2019</u>

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE