XAVIER BECERRA
Attorney General of California
DANIEL ROGERS
Supervising Deputy Attorney General
DAVID DELGADO-RUCCI
Deputy Attorney General
LISE S. JACOBSON
Deputy Attorney General
State Bar No. 183862
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9019
 Fax: (619) 645-2044
 E-mail: Lise.Jacobson@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK OWEN LAUN,** | EDCV 18-02226 JVS (KES) |
| Petitioner, | **OPPOSITION TO MOTION FOR STAY** |
| v. | Judge: The Hon. Karen E. Scott |
| **ORANGE COUNTY SHERIFF,** | |
| Respondent. | |

Respondent opposes Petitioner Mark Laun's Motion to Stay Petition for Writ of Habeas Corpus. Because Laun's direct appeal is still pending in the California Court of Appeal, his Petition should be dismissed without prejudice rather than stayed. Alternatively, Laun's Motion should be denied because he has not established good cause for a stay.

**PROCEDURAL HISTORY**

On November 21, 2017, a jury found Laun guilty of domestic battery with injury with a deadly weapon enhancement and assault with a deadly weapon.

1    On January 19, 2018, the trial sentenced Laun to prison for five years, suspended
2    execution of the sentence, and placed him on probation for three years. (Pet. at 1.)
3        Laun appealed, claiming the trial court violated his constitutional rights by
4    instructing on a legally invalid theory, defense counsel was ineffective in failing to
5    object to the deficient instruction, and the trial court erred in failing to instruct on
6    lesser offense. (Lod. 1.) The appeal, which is fully briefed (Lods. 2 & 3), is
7    pending in the California Court of Appeal (Lod. 4).
8        On December 14, 2018, Laun filed a habeas petition in the California Court of
9    Appeal, which raises the same claims as the present Petition: (1) new evidence
10   shows he is actually innocent; (2) prosecutorial misconduct; (3) ineffective
11   assistance of counsel; and (4) the verdict was invalid because one juror fell asleep
12   and because the verdict was a result of peer pressure. (Lod. 5) Respondent filed an
13   informal response on March 19, 2019. (Lod. 6.) Laun's reply is due on April 19,
14   2019. (Lod. 8.)
15       Laun filed the present Petition on the same day that he filed his state petition.
16   (Docs. 1 & 2.) Laun has not raised any of his claims in the California Supreme
17   Court.
18       On January 2, 2019, this Court issued an Order to Show Cause Why the
19   Petition Should Not Be Dismissed as Unexhausted. (Doc. 4.) On January 9, 2019,
20   Laun filed his response (Doc. 5), and on February 26, 2019, Laun filed a Motion for
21   a Stay pursuant to *Rhines v. Weber,* 544 U.S. 269 (2005). (Doc. 8.) Two days
22   later, this Court ordered Respondent to file a Response to the Stay Motion. (Doc.
23   9.)
24                              **ARGUMENT**
25       Laun's Stay Motion should be denied. Because Laun's direct appeal is still
26   pending, this Court should dismiss the Petition without prejudice rather than stay it
27   pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37
28   ///

1 (1971). Even if the *Younger* doctrine did not require dismissal, Laun has not
2 established good cause for a stay.

3     As a general proposition, a federal court will not intervene in a pending state
4 criminal proceeding absent extraordinary circumstances. *See Younger*, 401 U.S. at
5 45-46. *Younger* abstention in a federal action is appropriate in favor of a state
6 proceeding if four criteria are met: (1) the underlying "hearings at issue constitute
7 an ongoing state judicial proceeding"; (2) "the proceedings implicate important
8 state interests"; (3) "there [is] an adequate opportunity in the state proceedings" for
9 the federal plaintiff "to raise constitutional challenges"; and (4) the federal action
10 would "enjoin" the state proceedings "or have the practical effect of doing so[.]"
11 *Gilbertson v. Albright*, 381 F.3d 965, 973, 977 (9th Cir. 2004) (en banc) (citation
12 omitted).

13     All of the *Younger* requirements are satisfied in this case. Laun has two
14 ongoing state judicial proceedings—the direct appeal pending in the California
15 Court of Appeal and the habeas petition pending in the California Court of Appeal.
16 California has an important interest "in protecting the public through the filing and
17 prosecuting of criminal proceedings" as well as "in passing upon and correcting
18 violations of a defendant's rights." *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185
19 (C.D. Cal. 2003). Laun has an adequate opportunity to raise his constitutional
20 challenges in state proceedings. Finally, the habeas relief sought by Laun would
21 interfere with the ongoing state criminal proceedings, and it would have the
22 practical effect of enjoining the pending state court proceedings. *See Gilbertson v.*
23 *Albright*, 381 F.3d at 973. Accordingly, *Younger* abstention is required. *Roberts v.*
24 *Dicardo*, 296 F. Supp. 2d at 1185-86.

25     "[T]he *Younger* doctrine requires dismissal of this action without prejudice."
26 *Garner v. Gower*, 2015 WL 521614, at *2 (E.D. Cal. Feb. 9, 2015) (citing *Beltran*
27 *v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988) ("Where *Younger* abstention is
28 appropriate, a district court cannot refuse to abstain, retain jurisdiction over the

1  action, and render a decision on the merits after the state proceedings have ended.
2  To the contrary, *Younger* abstention *requires* dismissal of the federal action.").)  It
3  would be "inappropriate for this Court to stay the petition until [Laun's] state direct
4  review concludes."  *Garner v. Gower*, 2015 WL 521614, at *2.

But even if a stay would be appropriate in some cases, a stay would not be appropriate here because Laun has failed to show good cause for one.  In *Rhines v. Weber*, the Supreme Court held that a district court has discretion to stay a petition containing both exhausted and unexhausted claims if a petitioner establishes good cause for the failure to exhaust his claims first in state court, that the unexhausted claims are not "plainly meritless," and that he did not engage in "abusive litigation tactics or intentional delay."  544 U.S. at 277-78.

Shortly after deciding *Rhines*, the United States Supreme Court suggested that a petitioner could file a "protective" petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until the state remedies are exhausted.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  The Supreme Court stated that a petitioner's reasonable confusion about whether a state filing would be timely would ordinarily constitute "good cause" for him to file in federal court.  *Id.*  However, *Pace* does not apply here because Laun's conviction is not yet final; therefore, the one-year limitations period under 28 U.S.C. § 2244(d) has not yet commenced.   The limitation period will not commence until Laun's judgment and sentence is rendered final "by conclusion of direct review or by the expiration of the time for seeking such review. § 2244(d)(1)(A).

Because the statute of limitations period for the filing of a federal habeas petition has not even begun to run as of yet in Laun's case, it would be improper to grant a stay and abeyance.  *See Henderson v. Martel*, 2010 WL 2179913 at *3 (E.D. Cal. May 26, 2010) (denying petitioner's renewed motion for a stay and abeyance as premature); *Collins v. People of the State of California*, 2011 WL 7109341 at *3

///

1  (C.D. Cal. Dec. 8, 2011) (finding a stay of proceedings inappropriate because the
2  one-year statute of limitations had not even begun to run).
3      Laun argues that a stay is necessary because he may complete his three-year
4  probation, and therefore no longer be able to satisfy § 2254(a)'s custody
5  requirement, before he exhausts state court remedies. (Doc. 8 at 2.) But Laun's
6  probation is not set to expire until January 2021, more than one year and nine
7  months from now. Thus, his concern that he may not have an opportunity to file a
8  federal habeas petition if his Petition is dismissed is speculative.
9      Because Laun has failed to establish "good cause" to warrant a stay of his
10 habeas petition, his request for stay should be denied.

## CONCLUSION

Laun's Stay Motion should be denied.

Dated: March 25, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DANIEL ROGERS
Supervising Deputy Attorney General
DAVID DELGADO-RUCCI
Deputy Attorney General

/s/ Lise S. Jacobson
LISE S. JACOBSON
Deputy Attorney General
*Attorneys for Respondent*

LSJ:ebw
SD2019800155
82135241.docx

5

# CERTIFICATE OF SERVICE

Case Name: **Laun v. Orange County Sheriff**   No. **EDCV 18-02226 JVS (KES)**

I hereby certify that on <u>March 25, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO MOTION FOR STAY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>March 25, 2019</u>, at San Diego, California.

| E. Blanco-Wilkins | /s/ E. Blanco-Wilkins |
|---|---|
| Declarant | Signature |

SD2019800155
82135271.docx