1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11    MARK OWEN LAUN,                      Case No. 8:18-cv-02226-JVS-KES

12            Petitioner,

13    v.                                   ORDER LIFTING STAY AND
                                           REQUIRING RESPONSE
14    ORANGE COUNTY SHERIFF, et al.,       TO HABEAS PETITION

15            Respondents.

16

17

18                                      **I.**

19                               **BACKGROUND**

20          Petitioner filed this habeas action challenging his 2017 convictions for

21    domestic battery and assault with a deadly weapon in Orange County Superior

22    Court case no. 16HF0902.  (Dkt. 1 ["Petition"].)  He was sentenced to five years in

23    prison, but his sentence was suspended and he was placed on three years of

24    probation.  (See Dkt. 13 at 6; Dkt. 19 at 2, 147.)[1]  His Petition brings the following

25    claims:

26    _____

27          [1] Petitioner was later granted permission to have his probation supervision
      transferred to Washington state.  (Dkt. 19.)
28

                                          1

Ground One: New evidence shows that he is innocent because (a) the victim told a third party that she had inflicted the injuries on herself in an attempt to gain permanent residency status under the Violence Against Women Act, and (b) an expert witness could identify the injuries as self-inflicted.  (Dkt. 2 ["Memo"] at 5- 8.)

Ground Two: The prosecutor committed misconduct by (a) stating facts not in evidence during closing argument, and (b) telling the Irvine Police Department to stop investigating Petitioner's case. (Memo at 8-11.)

Ground Three: Petitioner's trial counsel was ineffective for (a) failing to introduce evidence of the victim's motive to lie (i.e., the immigration concerns), (b) failing to investigate whether fingerprint evidence on the recovered weapon would have exonerated Petitioner, and (c) failing to adequately attack the credibility of the victim. (Memo at 12-26.)

Ground Four: Petitioner's due process rights were violated because the "verdict was decided by a means other than a fair expression of opinion on the part of all the jurors" under California Penal Code section 1181, subd. 4, because (a) one juror fell asleep during the trial, (b) the jury initially indicated it could not reach a verdict during deliberations, and (c) the jurors were not polled.  (Memo at 27-28.)

In May 2019, the Court stayed this action under Rhines v. Weber, 544 U.S. 269 (2005) so that Petitioner could finish exhausting his claims in the state courts. (Dkt. 13.)  At the time, he was still pursuing a direct appeal of his convictions.  In October 2019, the California Court of Appeal issued an opinion affirming his convictions (case no. G055893).  Petitioner then sought review in the California Supreme Court (case no. S259197).  On January 22, 2020, that court granted his petition for review but deferred further action until a related issue was decided in

1    another case.  This Court directed Petitioner to file a status report within 60 days

2    after final disposition of his petition for review.  (Dkt. 20.)

3        While that petition for review remained pending, Petitioner sought relief in

4    the Superior Court under California Penal Code section 1203.4.[2]  On April 18,

5    2021, the Superior Court granted Petitioner relief and dismissed "all felony

6    convictions" and "all misdemeanor convictions" against him in the case.  (Dkt. 32-

7    1.)  Thus, Petitioner appears to have completed his period of probation.

8        On November 16, 2022, the California Supreme Court dismissed Petitioner's

9    petition for review.  <u>See</u> California Appellate Courts Case Information, Supreme

10   Court Case No. S259197.  Petitioner timely filed a status report informing the Court

11   of this and asking to proceed with his Petition.  (Dkt. 32.)

12   //

13   //

14   //

15   //

---

16       [2] The dismissal order was entered by the Los Angeles County Superior Court
17   case no. YA098900, rather than the Orange County Superior Court case no.
     16HF0902, because his "case was transferred to Los Angeles County Superior
18   Court while he was on probation" under California Penal Code section 1203.9.
19   (Dkt. 32-2 [Orange County Superior Court order denying Petitioner's motion under
     California Penal Code section 1203.4 on this basis].)
20

21       "Section 1203.4 provides that a defendant who 'has fulfilled the conditions of
     probation for the entire period of probation, *or* has been discharged prior to the
22   termination of the period of probation' ... is entitled as a matter of right to have the
     plea or verdict changed to not guilty, to have the proceedings expunged from the
23   record, and to have the accusations dismissed. … A grant of relief under section
24   1203.4 is intended to reward an individual who successfully completes probation by
     mitigating some of the consequences of his conviction and, with a few exceptions,
25   to restore him to his former status in society to the extent the Legislature has power
26   to do so…. However, such relief  ''does not, properly speaking, 'expunge' the
     prior conviction.  The statute does not purport to render the conviction a legal
27   nullity.'"  <u>People v. E.B.</u>, 51 Cal. App. 5th 47, 54 (2020) (citations omitted).
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.

## DISCUSSION

IT IS HEREBY ORDERED that the **stay of this action is lifted**, and in order to facilitate the just, speedy, and inexpensive determination of this action, IT IS FURTHER ORDERED as follows:

1.      Regardless of whether Respondent chooses to file a Motion to Dismiss or Answer (as discussed further below), Respondent's briefing should address whether or not the Petition is now moot.  Petitioner appears to argue it is not moot because, although he "applied for and was granted a statutory reduction of charges and dismissal," he "remain[s] bereft of [his] 2nd [A]mendment rights to own firearms," "prospective employers still see the conviction," and he "was denied a visa for Canada."  (Dkt. 32 at 2); see generally Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, … some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the [habeas] suit is to be maintained."); see also Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (noting that the court had "an independent duty to consider sua sponte whether a case is moot").

2.      If Respondent contends that the Petition can be decided without the Court reaching the merits of Petitioner's claims (e.g., because Respondent contends that the Petition is moot, or that Petitioner has failed to exhaust state remedies as to any ground for relief alleged in the Petition), Respondent shall file a Motion to Dismiss **within thirty (30) days** of the service date of this Order.  The Motion to Dismiss shall <u>not</u> address the merits of Petitioner's claims, but rather shall be confined to the basis for Respondent's contention that dismissal without reaching the merits of Petitioner's claims is warranted.[3]  At the time the Motion to Dismiss is

---

[3] If Respondent contends that some or all of Petitioner's claims are procedurally defaulted, such contention should not be made in a Motion to Dismiss,

filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard.

3.    If Respondent files a Motion to Dismiss, Petitioner shall file his opposition, if any, to the Motion **within twenty (20) days** of the date of service thereof.  At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the Motion.

4.    Unless the Court orders otherwise, Respondent shall <u>not</u> file a Reply to Petitioner's opposition to a Motion to Dismiss.  If the Motion is denied, the Court will afford Respondent adequate time to answer Petitioner's claims on the merits.

5.    If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, then Respondent shall file and serve an Answer to the Petition **within forty-five (45) days** of the service date of this Order.  At the time the Answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims, including the briefs specified in Rule 5(d) of the Rules Governing Section 2254 Cases in the United States District Courts.  The Answer shall also specifically address the necessity for an evidentiary hearing to resolve any issue.

6.    Petitioner may file a single Reply responding to matters raised in the Answer **within thirty (30) days** of the date of service thereof.  Any Reply filed by Petitioner shall: (a) state whether Petitioner admits or denies each allegation of fact contained in the Answer; (b) be limited to facts or arguments responsive to matters raised in the Answer; and (c) not raise new grounds for relief that were not asserted

---

but rather should be made in an Answer to the Petition which addresses the allegedly defaulted claims on the merits in the alternative.  If Respondent's Motion to Dismiss contends that Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, Respondent shall also specify the state remedies still available to Petitioner.

5

1   in the Petition.  Grounds for relief raised for the first time in the Reply will not be

2   considered, unless the Court grants Petitioner leave to amend the Petition.  No

3   Reply shall exceed twenty (20) pages in length absent advance leave of Court for

4   good cause shown.

5          7.      Unless otherwise ordered by the Court, this case shall be deemed

6   submitted on the day following the date Petitioner's opposition to a Motion to

7   Dismiss and/or Petitioner's Reply is due.

8          8.      To request an extension of time for any of the deadlines set forth in

9   this Order, a party must file a motion demonstrating good cause for the extension.

10  Such a motion should be filed before the deadline has expired.  Any such motion

11  should be accompanied by a declaration explaining why an extension of time is

12  necessary and by a proposed order granting the requested extension.

13         9.      Every document delivered to the Court must include a certificate of

14  service attesting that a copy of such document was served on opposing counsel (or

15  on the opposing party, if such party is not represented by counsel).  Any document

16  delivered to the Court without a certificate of service may be returned to the

17  submitting party without being considered by the Court.

18         10.     Petitioner shall immediately notify the Court and counsel for

19  Respondent of any change of Petitioner's address.  If Petitioner fails to keep the

20  Court informed of where Petitioner may be contacted, this action may be dismissed

21  for failure to prosecute.  <u>See</u> Local Rule 41-6.

22

23  DATED:  <u>December 1, 2022</u>                    _____

24                                                    KAREN E. SCOTT
                                                      United States Magistrate Judge
25

26

27

28

6