UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02226-JVS-KES                                    Date: February 13, 2023

Title: MARK OWEN LAUN v. ORANGE COUNTY SHERIFF, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**        **Order Requesting Supplemental Briefing on Mootness**

I.
INTRODUCTION

In December 2018, Mark Owen Laun ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition" at Dkt. 1) and a supporting memorandum (Dkt. 2), challenging his January 2018 conviction for crimes arising out of an assault on his wife. After receiving a stay to exhaust his claims in state court (Dkt. 13), Petitioner notified the Court in November 2022 that he had "exhausted the remedies available in the State of California court system." (Dkt. 32 at 2.[1]) The Court lifted the stay (Dkt. 33), after which Respondent filed an Answer (Dkt. 34) and lodged additional relevant documents. (See Lodged Documents ["LD"] at Dkt. 12 and 35.) Petitioner filed a Reply. (Dkt. 36.)

Respondent argues that the Petition is moot, such that the Court lacks jurisdiction to rule on Petitioner's claims. (Dkt. 34-1 at 10.) The Court will consider this jurisdictional issues first, and must consider even issues not raised by the parties. Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004). The Court, therefore, invites Respondent to file a supplemental brief in support of its mootness argument **on or before March 31, 2023**. Upon receipt, the Court will give Petitioner an opportunity to respond.

---

[1] Except for citations to the Reporter's Transcript ("RT") and Clerk's Transcript ("CT"), page citations refer to the pagination imposed by the Court's electronic filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02226-JVS-KES                                   Date: February 13, 2023
                                                                                    Page 2

## II.
## RELEVANT BACKGROUND

Post-conviction, Petitioner's case was transferred from the Orange County Superior Court ("OCSC") to the Los Angeles County Superior Court ("LASC") "some months after getting out of jail because [he] had moved to Los Angeles County before" he went to jail. (Dkt. 19 at 1.) The transferred case was assigned LASC case no. YA098900. (Id.)

In October 2019, Petitioner's supervision was transferred to the state of Washington because he planned to move there. (Id. at 2.) In December 2021, he filed a status report giving notice of a change of address to an address in Richmond, Washington. (Dkt. 21.) That address remains his address of record. (Dkt. 36.)

At some point after his case was transferred to LASC, Petitioner moved to have his felony convictions reduced to misdemeanors and dismissed under California Penal Code section 1203.4. (Dkt. 32 at 2.) That statute gave the LASC discretion "in the interest of justice" to set aside a guilty verdict after a defendant has completed probation. Upon receiving such relief, "except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted …." Cal. Pen. Code § 1203.4(a)(1). The exceptions "noted below" include that dismissal "pursuant to this section does not permit a person to own, possess, or have custody or control of a firearm or to prevent conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." Id. § 1203.4(a)(2). California Penal Code section 29805(a)(1), in turn, makes it a criminal offense for any person who has been convicted of a misdemeanor violation of certain listed California statutes (which include both Penal Code sections 245 and 273.5) to possess a firearm within ten years of their conviction.

In November 2022, Petitioner filed a status report alerting the Court that he "applied for and was granted a statutory reduction of charges and dismissal ordered 04/13/2021 (LA County: YA098900)." (Dkt. 32 at 2.) He attached two exhibits that show as follows:

• April 13, 2021 "Order of Dismissal" in LASC case no. YA098900. The order indicates that both of Petitioner's felony convictions were reduced to misdemeanors and dismissed under California Penal Code section 1203.4. (Dkt. 32-1.)

• October 28, 2021 OCSC order taking no action on Petitioner's motion to take measures "so that [his record of convictions] does not show … on a background check or other public records." (Dkt. 32-2.) The OCSC explained that it lacked jurisdiction to act since Petitioner's case had been transferred to LASC. The OCSC further explained that a dismissal under Penal Code section 1203.4 is not equivalent to an expungement. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02226-JVS-KES                                    Date: February 13, 2023
                                                                                       Page 3

### III.
### MOOTNESS ISSUES

**A.  Legal Standard.**

The Supreme Court has referred to mootness as "'the doctrine of standing set in a time frame.'" Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997)).  "To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" Abdala v. INS, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001).  At any stage of the proceeding a case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998).

An unconditional release from prison can render a federal habeas petition moot. Id.  To avoid mootness, a released petitioner must show "some concrete and continuing injury other than the now-ended incarceration," i.e., "a collateral consequence of the conviction" that may be redressed by success on the petition. Id.  Examples of collateral consequences sufficient to satisfy the Constitution's case-or controversy requirement include state law restrictions on the ability to vote, serve as a juror, engage in certain businesses, and hold office in a labor union. See Carafas v. LaVallee, 391 U.S. 234, 237 (1968); see also Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir. 1976) (holding that immigration consequences of a criminal conviction constitute collateral consequences).  In contrast, moral stigma is an insufficient collateral consequence to avoid mootness. St. Pierre v. United States, 319 U.S. 41, 43 (1943) (per cuiam).

"For a collateral consequence to present a continuing live case or controversy, it must be a concrete legal disadvantage, and not merely a speculative or contingent injury." Perez v. Murray, No. 18-CV-01437, 2018 U.S. Dist. LEXIS 95483, 2018 WL 2724241, at *2 (N.D. Cal. June 6, 2018) (holding allegedly unconstitutional prolonged immigration custody was mooted by release on bond, despite the possibility of re-detention).  As another example, the possibility that parole revocation could be used to a petitioner's detriment in future parole proceedings is too speculative to constitute a collateral consequence sufficient to confer Article III standing. Spencer, 523 U.S. at 14.

Petitioner bears burden of showing collateral consequences adequate to meet Article III's injury-in-fact requirement. Pittman v. Fed. Bureau of Prisons, No. 22-cv-03806, 2022 U.S. Dist. LEXIS 212712, at *11 (N.D. Cal. Nov. 23, 2022).

**B.  Summary of the Parties' Arguments.**

Petitioner argues that he is still subject to collateral consequences because he cannot possess a firearm for ten years from the date of his conviction.  (Dkt. 32 at 2.)  This argument relies on California Penal Code section 29805(a)(1).  Petitioner also argues that (1) prospective employers can still see his convictions if they run a background check, and (2) he was denied a "VISA for Canada." (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02226-JVS-KES　　　　　　　　　　　　　　　　Date: February 13, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

Respondent does not challenge that the temporary gun ownership restriction imposed by California Penal Code section 29805(a)(1) creates a collateral consequence. (Dkt. 34-1 at 10.) Respondent does not address the background check issue or the Canadian VISA issue. (Id.)

The main thrust of Respondent's argument is that there is no meaningful relief that this Court can provide because (1) Petitioner's actual innocence claim is not cognizable; and (2) his other claims, even if successful, would result only in a conditional order that he must be retried or released. (Id. at 10-11.)

**C.**　　**Questions to Address in Supplemental Briefing.**

1. Since Petitioner no longer lives in California, is the temporary gun ownership restriction imposed by California Penal Code section 29805(a)(1) sufficient to avoid mootness? Even for California residents, has any other court ever held that the temporary gun ownership restriction imposed by California Penal Code section 29805(a)(1) is sufficient to avoid mootness?

2. Petitioner now resides in Washington state. Do his California convictions (now reduced to misdemeanors and dismissed) create any collateral consequences under Washington law? If so:

 • What are they?

 • Is there a procedure to ask the Washington state courts to relieve him of those consequences? Has Petitioner done so? If so, to what result?

 • If there is such a procedure, but Petitioner has not yet availed himself of it, does that render any collateral consequences too speculative to support habeas jurisdiction? Or should the Court stay this action pending the results of such proceedings in the Washington state courts?

3. Are the background check and Canadian VISA issues raised by Petitioner sufficient collateral consequences to avoid mootness?

4. Why does Respondent contend that a "conditional order that Petitioner must be retried or released" is not relief on the Petition?

 • Is it because Petitioner has already been released and he cannot be retried? If Respondent contends that he cannot be retried, is that because he moved the LASC to dismiss his case, and the LASC granted his motion?

 • Would a conditional order vacate his convictions, effectively nullifying them unless/until he is retried and re-convicted? Would such an order make the gun ownership restriction imposed by California Penal Code section 29805(a)(1) (or any other potentially applicable Washington statute) inapplicable to Petitioner? If so, is that relief on the Petition?

　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD